# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DREW DAVID SEWARD,

       Defendant-Appellant.

UNPUBLISHED
November 20, 2014

No.   317302
Ingham Circuit Court
LC No.   11-000879-FH

Before:  K. F. KELLY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of obstructing a police officer, MCL 750.81d(1), and obstructing a police officer causing injury, MCL 750.81d(2).  We affirm.

The police responded to a report of an incapacitated person lying on the ground.  Officer Paul Beasinger found defendant lying incapacitated on the grass near a sidewalk.  Defendant failed to respond to questions, and an ambulance was called.  The officer smelled intoxicants on defendant and kicked the bottom of defendant's shoe to wake defendant.  Defendant asked the officer to stop kicking his foot and stated that he did not want an ambulance.  Defendant attempted to sit up, and the officer told him he was not free to leave until the ambulance arrived. Defendant continued to try and get up; when Beasinger and Officer Aaron Wieber attempted to handcuff him he resisted and began to push and pull away.  Wieber used his taser to attempt to subdue defendant while defendant continued to resist.  Defendant attempted to place Beasinger in a headlock, Beasinger punched defendant to subdue him, and Beasinger broke his hand in the process.  Defendant continued to resist while being transported to the hospital and at the hospital.

Evidence was introduced in the form of testimony from Officers Penni Elton and Jeromy Churchill that on a prior occasion a security employee at a bar approached them with concern that defendant might have a weapon.  Elton touched defendant's arm to get his attention, but defendant, who was intoxicated, swore at Elton and turned away.  Elton attempted to explain why she was talking to him and gripped his arm more tightly; defendant turned to the officer with both fists clenched and took an aggressive stance.  Elton placed defendant's arm behind his back and applied a wrist lock.  Churchill grabbed defendant's other arm.  Defendant was loud, aggressive, and argumentative.  Two additional officers helped handcuff defendant and place him in a patrol car.  Defendant yelled, used profanity, and was physically violent.  Defendant's aggression continued at the jail, where the officers had to place him in belly chains for safety.

-1-

Defendant argues that the trial court abused its discretion by admitting the other-acts evidence. We review for an abuse of discretion a trial court's ruling on the admissibility of other-acts evidence. *People v Waclawski*, 286 Mich App 634, 669-670; 780 NW2d 321 (2009). A trial court abuses its discretion when it chooses a result that is outside the range of reasonable and principled outcomes. *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). "The determination whether the probative value of evidence is substantially outweighed by its prejudicial effect is best left to a contemporaneous assessment of the presentation, credibility, and effect of the testimony." *Waclawski*, 286 Mich App at 670.

MRE 404(b)(1) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In *People v Knox,* 469 Mich 502, 509; 674 NW2d 366 (2004), the Michigan Supreme Court summarized the requirements for the admission of other-acts evidence as follows: (1) the prosecutor must offer the evidence under a theory other than character or propensity for criminal behavior; (2) the evidence must be relevant under MRE 402, as enforced by MRE 104(b); and (3) the probative value of the evidence must not be substantially outweighed by unfair prejudice under MRE 403.

Defendant's theory was that he had fallen asleep in the grass and that, after the kick on his foot, he had simply been trying to sit up and otherwise reposition himself in order to make his knee more comfortable, because he had a preexisting knee injury. He denied having tried to put an officer in a headlock. He stated that he never attempted to leave, because of his painful knee and because he "had been drinking." The prosecutor offered evidence that on a previous occasion defendant acted belligerently and with aggression toward police officers; the prosecution offered this evidence to show that defendant acted intentionally during the charged offenses and not as the result of a mistake or accident. The evidence was relevant and highly probative in light of defendant's defense. The evidence tended to show that defendant's defiance was purposeful and not merely a matter of attempting to alleviate the pain in his knee.

The trial court did not abuse its discretion in determining that the probative value of the evidence was not substantially outweighed by unfair prejudice under MRE 403. Unfair prejudice occurs when marginally probative evidence might be given undue or preemptive weight by the jury. *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). The evidence was highly relevant and served to refute defendant's suggestion that he acted unintentionally. This relevance outweighed the danger of unfair prejudice. Secondly, any prejudice was minimized by the trial court's instruction that the jury was to use the evidence only to consider whether it tended to show that defendant acted purposefully, and not whether defendant was a bad person who tended to commit crimes. A jury is presumed to follow its instructions. *People v Graves,*

458 Mich 476, 486; 581 NW2d 229 (1998). The trial court did not abuse its discretion by admitting the challenged evidence.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Patrick M. Meter